**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

KATYA REED, on behalf of herself and others similarly situated,

Plaintiff,

v.

I.C. SYSTEM, INC.,

Defendant.

Case No.

# CLASS ACTION COMPLAINT

1. Katya Reed ("Plaintiff") brings this class action against I.C. System, Inc. ("Defendant") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. Upon information and good faith belief, Defendant routinely violates 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with non-emergency calls it places to telephone numbers assigned to a cellular telephone service, without prior express consent.

3. More specifically, upon information and good faith belief, Defendant routinely uses an artificial or prerecorded voice in connection with non-emergency calls it places to wrong or reassigned cellular telephone numbers.

## BACKGROUND

4. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

5. The TCPA makes it unlawful to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or that is charged per the call. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

6. The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A) or 47 U.S.C. § 227(b)(1)(B). *See* 47 U.S.C. § 227(b)(3).

## PARTIES

7. Plaintiff is a natural person who at all relevant times resided in Coweta County, Georgia, which is located within this District.

8. Defendant is a corporation headquartered in St. Paul, Ramsey County, Minnesota.

9. As part of its business, Defendant places outbound calls in an attempt to collect debts alleged to be owed.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

11. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b) as a substantial portion of the events giving rise to this action occurred in this district.

12. Defendant directed artificial or prerecorded voice messages to Plaintiff's cellular telephone into this district.

## FACTUAL ALLEGATIONS

13. Plaintiff is, and has been since September 2025, the subscriber to and customary user of her cellular telephone number—(404) 734-XXXX.

14. Defendant called Plaintiff on at least three occasions on October 8, October 14, and October 20, 2026.

15. Defendant placed the calls intending to reach someone else.

16. Defendant's calls were made using an artificial voice or a prerecorded message.

17. One of the calls stated the following:

> Mikal Gardner. Please press one and your call will be connected to a representative. If this is a good number to reach…

18. The other call stated:

> Mikal Gardner. Please press one and your call will be connected to a representative. If this is a good number to reach Mikal Gardner. If they are not available, please press two. If this is not a good phone number to reach Mikal Gardner. Please press three. Thank you. We will attempt to reach Mikal Gardner…at a later time.

19. The voice on both calls sounded identical.

20. The voice was robotic, and did not sound like a live person in its tone, speech, cadence, and abruptness.

21. The message was also generic in nature and content.

22. Given the tone, content, voice, speech style and unnatural cadence, the Defendant used a prerecorded message or an artificial voice in its calls to Plaintiff's cellular telephone number.

23. Plaintiff called both numbers back, and reached Defendant's company when she called both.

24. Plaintiff does not have, nor did she have, an account with Defendant.

25. Plaintiff does not, nor did, owe any money to Defendant.

26. Defendant was trying to reach "Mikal Gardner," someone other than, and unknown to Plaintiff.

27. Plaintiff did not provide telephone number (404) 734-XXXX to Defendant.

28. Plaintiff did not provide Defendant with consent to place calls, in connection with which it used an artificial or prerecorded voice, to telephone number

(404) 734-XXXX.

29. Defendant placed the subject calls to telephone number (404) 734-XXXX voluntarily.

30. Defendant placed the subject calls to telephone number (404) 734-XXXX under its own free will.

31. Defendant had knowledge that it was using an artificial or prerecorded voice in connection with the subject calls it placed to telephone number (404) 734-XXXX.

32. Plaintiff suffered actual harm as a result Defendant's subject call, in connection with which it used an artificial or prerecorded voice, in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

33. Upon information and good faith belief, Defendant, as a matter of pattern and practice, uses an artificial or prerecorded voice in connection with calls it places to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## CLASS ACTION ALLEGATION

34. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following class:

> All persons throughout the United States (1) to whom Defendant placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to a person with an account in collections with Defendant, (3) in connection with which

> Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this complaint through the date of class certification.

35. Excluded from the class are Defendant, Defendant's officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendant has or had a controlling interest.

36. Upon information and belief, the members of the class are so numerous that joinder of all of them is impracticable.

37. The exact number of the members of the class is unknown to Plaintiff at this time, and can be determined only through appropriate discovery.

38. The members of the class are ascertainable because they are defined by reference to objective criteria.

39. In addition, the members of the class are identifiable in that, upon information and belief, their telephone numbers, names, and addresses can be identified in business records maintained by Defendant and by third parties.

40. Plaintiff's claims are typical of the claims of the members of the class.

41. As it did for all members of the class, Defendant placed calls to Plaintiff's cellular telephone number in connection with which it used an artificial or prerecorded voice.

42. In addition, like all members of the class, Plaintiff did not have an

account in collections with Defendant.

43. Plaintiff's claims, and the claims of the members of the class, originate from the same conduct, practice, and procedure on the part of Defendant.

44. Plaintiff's claims are based on the same theories as the claims of the members of the class.

45. Plaintiff suffered the same injuries as the members of the class.

46. Plaintiff will fairly and adequately protect the interests of the members of the class.

47. Plaintiff's interests in this matter are not directly or irrevocably antagonistic to the interests of the members of the class.

48. Plaintiff will vigorously pursue the claims of the members of the class.

49. Plaintiff has retained counsel experienced and competent in class action litigation.

50. Plaintiff's counsel will vigorously pursue this matter.

51. Plaintiff's counsel will assert, protect, and otherwise represent the members of the class.

52. The questions of law and fact common to the members of the class predominate over questions that may affect individual members of the class.

53. Issues of law and fact common to all members of the class include:

a) Defendant's violations of the TCPA;

b) Defendant's conduct, pattern, and practice as it pertains to dialing wrong or reassigned cellular telephone numbers;

c) Defendant's conduct, pattern, and practice as it pertains to placing calls with an artificial or prerecorded voice to wrong or reassigned cellular telephone numbers;

d) Defendant's use of an artificial or prerecorded voice; and

e) The availability of statutory penalties.

54. A class action is superior to all other available methods for the fair and efficient adjudication of this matter.

55. If brought and prosecuted individually, the claims of the members of the class would require proof of the same material and substantive facts.

56. The pursuit of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class, and could substantially impair or impede their ability to protect their interests.

57. The pursuit of separate actions by individual members of the class could create a risk of inconsistent or varying adjudications, which might establish incompatible standards of conduct for Defendant.

58. These varying adjudications and incompatible standards of conduct, in connection with presentation of the same essential facts, proof, and legal theories, could also create and allow the existence of inconsistent and incompatible rights

within the class.

59. The damages suffered by individual members of the class may be relatively small, thus, the expense and burden to litigate each of their claims individually make it difficult for the members of the class to redress the wrongs done to them.

60. The pursuit of Plaintiff's claims, and the claims of the members of the class, in one forum will achieve efficiency and promote judicial economy.

61. There will be little difficulty in the management of this action as a class action.

62. Defendant has acted or refused to act on grounds generally applicable to the members of the class, making final declaratory or injunctive relief appropriate.

**Count I**
**Violation of 47 U.S.C. § 227(b)(1)(A)(iii)**
**(On Behalf of Plaintiff and the Class)**

63. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 62.

64. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by using an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number and the cellular telephone numbers of the members of the class, without consent.

65. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii),

Plaintiff and the members of the class and subclass are entitled to damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) Determining that this action is a proper class action;

b) Designating Plaintiff as a representative of the class under Federal Rule of Civil Procedure 23;

c) Designating Plaintiff's counsel as counsel for the class under Federal Rule of Civil Procedure 23;

d) Adjudging and declaring that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

e) Enjoining Defendant from continuing its violative behavior, including continuing to place calls to Plaintiff's cellular telephone number, and to the cellular telephone numbers of members of the class, in connection with which it uses an artificial or prerecorded voice;

f) Awarding Plaintiff and the members of the class damages under 47 U.S.C. § 227(b)(3)(B);

g) Awarding Plaintiff and the members of the class treble damages under 47 U.S.C. § 227(b)(3);

h) Awarding Plaintiff and the class reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure;

i) Awarding Plaintiff and the members of the class any pre-judgment and post-judgment interest as may be allowed under the law; and

**j)** Awarding such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 18th day of November, 2026.

*/s/ Valerie Chinn*
Valerie Chinn, Georgia Bar No. 248468
Attorney at Law
CHINN LAW FIRM, LLC
6000 Lynmark Way
Suite 106 #1320
Fairburn, GA 30213
Direct: 404-955-7732
Email: vchinn@chinnlawfirm.com

Avi R. Kaufman*
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Tel: (305) 469-5881
kaufman@kaufmanpa.com

*Counsel for Plaintiff and the proposed class*

** Pro hac vice application to be filed*